IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW S. SLOAT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:20-cv-01080-SMY |
| ) | |
| MARION COUNTY LAW ) | |
| ENFORCEMENT CENTER and ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Andrew S. Sloat, who is confined in the Marion County Law Enforcement Center,[1] filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The case is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes the Court to apply the Rules to other habeas corpus cases.

### The Petition

Sloat makes the following allegations in his Petition (Doc. 1): Petitioner suffers from unconstitutional living arrangements while incarcerated at Marion County Law Enforcement Center (MCLEC). He has been denied his anticonvulsant medication and has been denied medical

---

[1] It is unclear whether Plaintiff is a pretrial detainee or is serving a sentence.

1

treatment following recent reconstructive jaw surgery.  Petitioner has titanium bolts in his mouth that need to be removed.  Petitioner was exposed to a person who tested positive for COVID-19.  During Petitioner's last two stays at MCLEC, he has been housed on an upper tier in an upper bunk despite knowledge that he has seizures. He seeks release from custody and discharge from parole.

### Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, his available remedy is under 42 U.S.C. § 1983 (against state officials) or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (against federal officials).  *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005). Although Sloat seeks release, his complaints concern his conditions of confinement, not whether the *fact* of his confinement is constitutional.  As such, his claim cannot properly be raised in a § 2241 petition.

While in the past, courts have construed mistakenly-labeled habeas corpus petitions as a civil rights complaints, *see, e.g., Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991) (collecting cases), the Seventh Circuit Court of Appeals cautions that doing so may lead to unfavorable consequences under the Prison Litigation Reform Act. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) (discussing consequences that include a higher filing fee and the risk of receiving a "strike" under 28 U.S.C. § 1915(g)).  Therefore, the Court will not re-characterize Sloat's Petition as a civil rights Complaint.

**Disposition**

For the foregoing reasons, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DISMISSED** with prejudice and all pending motions are **TERMINATED** as moot. To the extent Petitioner seeks relief available under civil rights laws (42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)) or compassionate release under 18 U.S.C. § 3582(c)(1)(A), those requests are **DISMISSED** without prejudice to any separate action he wishes to bring. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed.R.App.P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment and the 28-day deadline cannot be extended. A Rule 60(b) motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner intends to present on appeal. Fed.R.App.P. 24(a)(1)(C). If Petitioner is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. Fed.R.App.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

**IT IS SO ORDERED.**

**DATED:  October 22, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
